[No. 4444. Decided March 17, 1903.]

## O. LUND, *Appellant*, v. ST. PAUL, MINNEAPOLIS and MANITOBA RAILWAY COMPANY, *Respondent*.

NUISANCE—OBSTRUCTION OF STREET—DELAY IN BUILDING BRIDGE—ACTION FOR DAMAGES—INSTRUCTIONS.

Where a railroad company under authority delegated by a city closes a street for the purpose of building a new bridge across a stream, such obstruction of the street would not constitute a nuisance if not maintained for more than a reasonable time, and hence, in an action by a property owner to recover damages to his business and property on account of such obstruction, it was not error to charge the jury that it would be necessary for him to show want of care and diligence on the part of defendant.

SAME.

In such an action, an instruction to the effect that if the obstruction of the street was continued by reason of the failure of the steel company from which material had been ordered to furnish the necessary structural steel, and not because of lack of diligence on defendant's part, then plaintiff could not recover was proper where the evidence showed that the defendant had forwarded the work with dispatch, except that portion requiring

the steel, and that it had promptly contracted with the best equipped company in the country to furnish the required steel, which was a kind not kept in stock, but must be manufactured according to plans submitted, and that the steel company had been delayed by strikes and labor troubles.

SAME.

A charge to the jury to ignore any statement of counsel as to the liability of the steel company to reimburse defendant for any sum it might be required to pay on account of the steel company's delay was proper, since the liability of the steel company could not be an issue in the action against defendant for creating a nuisance.

SAME.

A charge to the jury that defendant would be liable under the same circumstances as would make the city liable, was not erroneous by reason of failing to state under what circumstances the city would be liable, where the court had already, in another instruction, clearly stated the conditions which would make the city liable.

SAME—EVIDENCE—LOSS OF PROFITS.

The refusal to admit evidence showing plaintiff's receipts for a period of three months after the completion of the bridge, for the purpose of establishing by comparison the amount of his loss during the obstruction to travel, was not an abuse of the court's discretion in fixing the limit to be placed on the scope of such testimony.

SAME—WHAT ADMISSIBLE UNDER GENERAL DENIAL.

. .In an action based on defendant's negligence in failing to complete a bridge within a reasonable time, defendant was entitled, under the general denial, to introduce testimony as to the condition of the coal and steel markets, for the purpose of showing that the delay was occasioned by circumstances over which it had no control.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*Hamblen & Lund,* for appellant.

*Will H. Thompson* and *M. J. Gordon,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—The respondent railway company applied to the city council of the city of Spokane for leave to construct its line of railroad along and across certain streets and alleys of said city. An ordinance granting said privilege was passed and approved. Washington street, in said city, extends upon both sides of the Spokane river; the portions of the street separated by the river having been connected by a wooden bridge at the time of the passage of the ordinance above mentioned. By the terms of said ordinance a steel bridge was required to be constructed, and the plans called for certain changes in the grade of the street. The respondent entered upon the work of changing said grade and constructing said bridge as required by the ordinance. In the prosecution of the work, it became necessary to close up the street at the place where it crosses the river, and the traveling public were thereby prevented from crossing there. The street was a much-traveled one, and the work of construction upon the bridge occupied more than a year, during which time no travel was permitted to cross the river at that place. Appellant was the owner of real estate upon said street situate a short distance from the end of the bridge. The premises were, however, accessible from another direction. For a time before the street was closed at the bridge crossing appellant had been conducting a hotel, with barroom attached, upon said premises. He claims that the interference with travel across the river upon that street greatly affected his business, and reduced the profits thereof, to his serious damage. He brought this suit to recover from respondent for such alleged damages. He alleges that by the exercise of reasonable and proper diligence in the making of said improvements the respondent

might have constructed said bridge, and opened it for
public use and travel, within three months from the time
of commencing the work, and that said period of three
months was a reasonable time within which to complete
the same.    He further alleges that, if said bridge had
been constructed within a reasonable time, the profits of
his business would have been at least $20 per day greater;
that in consequence of the unreasonable delay, travel was
diverted from his premises; and that he has been dam-
aged in the sum of $5,000.    The material allegations of
the complaint are denied by the answer.    A trial was
had before a jury, which resulted in a verdict for respond-
ent.    Appellant moved for a new trial, which was denied.
Judgment was entered upon the verdict that appellant take
nothing by his suit, and from said judgment he has ap-
pealed.

Error is assigned upon certain instructions in relation
to the question of reasonable time for the construction of
the bridge.    The criticism urged is that the case was
submitted to the jury upon the theory that, in order for
appellant to recover, it was necessary to show want of
care and diligence on the part of respondent.    It is in-
sisted that such a theory is a wrong conception of the
case, and that the real question is whether the facts con-
cerning the street obstruction constituted a nuisance, and,
if so, that respondent cannot be relieved from liability,
though the work of construction may have been done in
the most approved manner.    It is further urged that the
mere fact that injurious results were occasioned by the
work is sufficient, if a nuisance existed, and that care on
the part of respondent is not an element in the case.    It
appears to us that the theory of counsel and that of the
court both lead to the same result.    The city had the un-

doubted right to close the street for the purpose of build-
ing the bridge, and the obstruction occasioned thereby
could not within a reasonable time have been classified
as a nuisance. The city delegated the respondent com-
pany to make the improvement, and thereby vested it with
authority to exercise the privileges belonging to the city
in the premises. Therefore, as long as respondent exer-
cised reasonable diligence, the obstruction could not con-
stitute a nuisance. But, if want of care and diligence ex-
isted, then the obstruction was no longer a necessity, and
became a nuisance. It follows that the instructions criti-
cised correctly stated the law of the case.

It is assigned that the court erroneously instructed the
jury to the effect that if the obstruction of the street was
continued by reason of the failure of the steel company
to furnish the necessary steel, and not because of any
lack of diligence on respondent's part, then appellant could
not recover. The evidence showed that respondent had
promptly contracted with the American Bridge Company
to furnish the structural steel required by the plans ap-
proved by the city for use in this bridge. That company
was shown to be probably the best-equipped one in the
entire country. The testimony was not contradicted that
such material as was required for this bridge is not kept
in stock by any company, but must be manufactured un-
der special order, according to plans submitted. There
was no showing in the evidence that the manufactured
material could have been procured at an earlier date from
any other source. There was also evidence to the effect
that the delay of the manufacturing company was due to
strikes and labor troubles, and that element was also
made a feature of the instructions of the court in the con-
nection now under consideration. The respondent had

been delegated by the city to do this work, and no time
was specified within which it should be done.    It was
therefore under obligation to finish the structure within
a reasonable time.    It applied to probably the best recog-
nized source for obtaining the manufactured material—
a material which respondent itself was not prepared to
manufacture, and which must have been known to the
city at the time it delegated respondent to do the work.
There was testimony that the work was forwarded with
dispatch, with the exception of that portion thereof which
required the steel, and that the delay was really due to the
failure of that material to arrive.    Appellant urges that
respondent cannot be excused for any delay beyond the
reasonable time required for the actual constructive work,
and that the only excuse that can be offered for failure to
perform a public duty must be the act of God or the
public enemy.    Such a harsh rule, applied to a case of this
kind, cannot be the law. Appellant invokes the rule adopted
in *Herrman v. Great Northern Ry. Co.,* 27 Wash. 472
(68 Pac. 82, 57 L. R. A. 390), which is to the effect that
one cannot evade liability because of the neglect of an-
other to whom certain duties have been delegated by him,
for the reason that the primary liability rests with the one
who has delegated the neglectful party.    There, however,
the duty neglected by the delegated party was such as,
in its nature, could have been easily discharged by the
one primarily liable, and the rule stated is reasonable and
right in such cases.    But here the respondent could not
manufacture the steel, and was compelled to depend upon
another, who was prepared for such skillful work.    It is
manifest, in the nature of things, that great expense and
skillful preparation are required for such manufacture.
The evidence shows that but few are thus engaged, and

it follows that those who wish the manufactured product may, without any neglect of their own, be delayed. Under such unusual and really compulsory conditions, liability should not be lodged against one who has himself been diligent. Such is the the effect of the instructions criticized under this assignment of error. Respondent's obligation, as we have said, was to complete the work within a reasonable time, and what is a reasonable time must depend upon the circumstances of each particular case. In this case, under the evidence, the delay occasioned by the manufacturing company was an important circumstance.

"If it is proper to attempt any definition of the words reasonable time, that given by Chief Baron Pollock may be suggested, namely, that 'a reasonable time means, as soon as circumstances will permit.' " 2 Thompson, Trials, §1531.

The respondent stood in the place of the city, and we should inquire under what circumstances the city would have been liable.

"It may be stated as a general rule that if the legislature, acting within its constitutional limitations, directs or authorizes the doing of a particular thing, the doing of it in the authorized way and without negligence cannot be wrongful; if damage results as a consequence of its being done, it is *damnum absque injuria,* and no action will lie for it." 8 Am. & Eng. Enc. Law (2d ed.), p. 697.

The city, as a subdivision of the state, was empowered by the legislature to maintain streets and to erect bridges where required for necessary street purposes. That power in this instance was delegated to respondent, and the rule above stated as applicable to the city itself must apply to respondent. It is a recognized rule that the right of

transit in the use of a highway is subject to such inci-
dental, temporary obstructions as necessity may require;
and "these are not evasions of, but simply incidents to,
or rather qualifications of, the right of transit; and the
limitation upon them is, that they must not be *unnecessa-*
*rily* and *unreasonably* interposed or prolonged." *Clark*
*v. Fry,* 8 Ohio St. 358, 374 (72 Am. Dec. 590).

See, also, *Shepherd v. Baltimore & O. R. R. Co.,* 130 U.
S. 426 (9 Sup. Ct. 598) ; *Coyne v. Mississippi, etc., Boom*
*Co.,* 72 Minn. 533 (75 N. W. 748, 71 Am. St. Rep. 508,
41 L. R. A. 494) ; *Taylor v. Baltimore & O. R. R. Co.,* 33
W. Va. 39 (10 S. E. 29) ; *Stewart v. Havens,* 17 Neb. 211
(22 N. W. 419) ; 2 Thompson, Commentaries on Negli-
gence, §1368.

Under the above authorities, the city itself would not
have been liable if the work had been necessarily delayed
without any neglect of its own, and if the delay had been
solely due to the failure of the manufacturer to furnish
material of such unusual character as the product of a
limited field of manufacture. The same was true of re-
spondent, and we think the instructions were not erro-
neous.

It is urged that the court erred in instructing the jury
not to consider any statement of counsel relative to the
liability of the American Bridge Company to reimburse
respondent for any sum it may be required to pay on
account of the delay occasioned by the bridge company.
We think the instruction was correct. The bridge com-
pany was not a party to the case and the question of its
liability to respondent was not an issue for the jury to
consider. Moreover, the remarks of counsel upon this
subject are not shown in the record, and we cannot say

that they may not have been such as warranted the instruction.

.It is further assigned that error was committed. in instructing the jury that the respondent would be liable under the same circumstances as would make the city liable, for. the reason, as alleged, that the court failed to state under what circumstances the city would be liable. This assignment is not well taken, for the reason that in a previous instruction the court had clearly stated the conditions which would make the city liable. Under the well-known rule that all the instructions must be considered together, the particular instruction criticized was not erroneous.

Error is predicated upon the court's refusal to permit appellant to show the amount of receipts from his business for a period of more than three months after the completion of the bridge and the opening of the street. The purpose of this testimony was to endeavor to establish the amount of loss to appellant's business by comparison between the monthly receipts after the opening of the bridge and those during the time it was closed. It was not unreasonable that some limit should be placed upon the scope of that class of testimony. What that limitation should be, was largely a matter for the discretion of the trial court. Other influences than those arising directly from the opening of the street may have operated to affect the amount of receipts as time progressed. We think there was no manifest abuse of discretion.

Error is urged that the court permitted respondent to introduce testimony as to the condition of the steel and the coal markets, for the alleged reason that it was incompetent, under the answer, which was a general denial. That testimony tended to show that the delay was occa-

sioned by circumstances over which respondent had no control, and therefore negatived the theory of negligence and want of care on its part. This may be done under the general denial, in an action based on negligence, which, as we have already said, this action was. 14 Enc. Pl. & Pr., 344.

The last error assigned is upon the denial of the motion for new trial. We find no error in the conduct of the trial, and, the jury having passed upon the evidence, the verdict will not be disturbed.

The judgment is affirmed.

MOUNT, DUNBAR and ANDERS, JJ., concur.

FULLERTON, C. J., not sitting in this case.