### Wm. Cameron & Co. v. L. M. Matthews.

Decided February 7, 1910.

**1.—Contract—Performance—"As Little Delay as Possible."**

A contract for the delivery of lumber stipulated that it should be delivered on the purchaser's order "with as little delay as possible." In a suit upon the contract the court charged the jury that the obligor was bound to deliver the lumber "in a reasonable time" after receipt of the order. Held, that the expressions were equivalent and there was no error in the charge.

**2.—Same—Sale of Lumber—Evidence.**

In a suit for damages for breach of a contract to buy and pay for lumber of different dimensions and grades, evidence reviewed and held insufficient to support the verdict for plaintiff.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Hogg, Gill & Jones* and *Sleeper, Boynton & Kendall,* for appellant. —First assignment of error.—The court erred in giving to the jury that portion of its general charge which is as follows: "You are charged that the contract set out by the plaintiff in its petition, dated July 11, 1907, between L. M. Matthews, the plaintiff, and the William Cameron Company, Inc., was a valid contract; said contract, however, is confined to the quantity of lumber contained in the stock sheet attached thereto, which quantity you will determine from the said stock sheet." This charge was misleading, and on the weight of the evidence, and prejudicial to the defendant, for the reason that the court nowhere in his charge undertook to construe said contract, and the same was executory, and not valid or binding on the defendant in case of failure by plaintiff to perform his part of same; and defendant expressly pleaded, and on the trial introduced evidence showing that plaintiff had not performed his part of the contract, so that the same was not valid or binding on defendant; and the jury might well have inferred from said charge that, in the opinion of the court, the said contract was valid and binding on defendant, notwithstanding the facts pleaded and proved by defendant.

It was the duty of the plaintiff under said contract to deliver the lumber on defendant's orders "with as little delay as possible," which means promptness in delivery to a greater degree than such a phrase as "reasonable time" would imply, and the court committed error prejudicial to defendant in charging the jury to find for plaintiff if he delivered the lumber on defendant's orders in a "reasonable time," instead of "with as little delay as possible," as provided in said contract. 2 Mechem on Sales, sec. 1134.

(Sixth proposition.) It was error for the court to submit any measure of damages more than nominal because the plaintiff did not adduce any evidence upon which the jury might measure the recovery, it not being anywhere shown in the evidence the cost of delivering and loading at Caroline Switch, the contract price being based on lumber loaded at that point.

(Seventh proposition.) In event plaintiff was entitled to recover of defendant, the measure of his damages was the difference between the contract price of the lumber remaining on hand of contract grades and not shipped out by plaintiff on orders of defendant, and the market price of such lumber at Caroline Switch plus the cost of putting it on the cars for shipment; whereas, under the court's charge, the jury was directed to base their finding as to amount of damages on all the lumber embraced in the contract, without taking into consideration that which had been shipped out and paid for by defendant, and without regard to the cost of putting the lumber on the cars, and the market value of the lumber was not confined by said charge to the place of delivery, to wit, Caroline Switch, on the I. & G. N. Ry., in Walker County, Texas, nor was there any evidence offered as to the market value of the lumber at Caroline Switch, or as to the cost of loading said lumber on the cars.

(Third assignment of error.)—The court erred in giving to the jury that part of its charge which reads as follows: "If, on the contrary, you do not believe from the evidence that the said plaintiff was car-

rying out the said contract in a proper and reasonable manner, and was not delivering the lumber on the orders of defendant at such times and in such manner as was reasonable, and not delivering to said defendant the character and grade of lumber provided therein in the several shipments made to the defendant up to the 20th day of November, 1907, and you believe the said plaintiff breached the same contract and did not perform its conditions in a proper and reasonable manner up to the said 20th day of November, 1907, you will find for the defendant."

*Andrews, Ball & Streetman,* for appellee.—The interpretation placed by the court upon the clause contained in the contract which required appellee to work, load and ship the lumber "with as little delay as possible," was the correct legal construction of said expression in the said contract. Fidelity & Deposit Co. of Maryland v. Courtney, 103 Fed., 599; Florence Gas & Electric L. & P. Co. v. Hanby, 13 So., 343; Hinds v. Kellogg, 13 N. Y. Supp., 922; Palmer v. St. Paul F. & M. Ins. Co., 44 Wis., 201.

The law does not require a strict or literal compliance with the terms of a contract, or, at any rate, does not authorize a rescission of a contract on account of a failure to perform same strictly and literally. If there is a substantial compliance in good faith by one party, and only such minor breaches as can easily be compensated in damages, the other party can not rescind or repudiate the contract. Linch v. Paris L. & G. Elevator Co., 80 Texas, 21; Leeds v. Little (Minn.), 44 N. W., 309; Bishop on Contracts, 2d ed., sec. 1421.

REESE, ASSOCIATE JUSTICE.—In this case L. M. Matthews sued Wm. Cameron & Co., incorporated, to recover damages for breach of contract for sale and delivery by Matthews to Cameron & Co. of a certain lot of lumber. Upon trial, with the assistance of a jury, there was a verdict in favor of plaintiff for the amount claimed, $3,893.48, upon which judgment was rendered. A motion for a new trial having been refused, defendant appeals.

There is no merit in the first assignment of error, which is overruled without discussion.

The contract was for the sale by appellee to appellant of 1,250,000 feet of lumber to be delivered on board of cars at Caroline Switch. A stock sheet showing the amount and dimensions of the lumber was attached to and made a part of the contract to show the lumber sold, being a lot of lumber which appellee had on hand at his sawmill near Caroline Switch. The contract was dated August 24, 1907. The lumber was "to be worked according to orders of" appellant. Appellant agreed to furnish appellee orders for the lumber "with as little delay as possible," and appellee agreed to work, load and ship same "with as little delay as possible."

On November 20, 1907, appellant notified appellee that it would not take any more of the lumber, justifying such action mainly upon the ground, as alleged, of delay on the part of appellee in shipping lumber upon orders sent him. Appellant had, previous to this, received and paid for 119,506 feet of lumber under the contract. The

court gave the jury the following charge: "You are further charged that if you believe from the evidence that the plaintiff was proceeding to carry out the said contract, and was performing his part of said contract in a reasonable manner, and was preparing and delivering the lumber, as in said stock sheet described, upon the orders of the said defendant, in a reasonable time, and of the character and quantity of lumber as described in said contract, up to the 20th day of November, 1907, when the said defendant brought the said contract to an end by its notice of that date and refused thereafter to make any further orders for said lumber, and thereby, if you believe the plaintiff was damaged, then you will find for the plaintiff as damages the difference between the price of the said lumber on the date of their said contract as fixed thereby, which was dated July 11, 1907, and the value of said lumber on the 20th day of November, 1907, and six percent interest thereon from the 20th day of November up to the present time."

This charge is assailed by the second assignment of error on several grounds as set out in the several propositions thereunder. We do not think any of them present substantial merit. The description of the lumber appellee was preparing and delivering as "of the character and quantity" described in the contract, was sufficient to include the grade and quantity. The lumber was to be delivered "upon the orders" of appellant, which was sufficient to require the jury to find that it was such lumber as was called for by such orders. If appellant desired more particular and specific instructions upon these points a special charge should have been requested. It is objected that the jury might, under the charge, have included the lumber that had been accepted and paid for. No issue was made as to this, and it is entirely clear that it was not so included in the verdict.

The fourth and fifth propositions advanced under this assignment are, in substance, that appellee being bound under the contract to deliver lumber on appellant's orders "with as little delay as possible," it was error to instruct the jury, in effect, that he was bound to do so "in a reasonable time." If this were an original question we should be inclined to hold that, by the use of such a phrase as "as soon as possible" or "with as little delay as possible," both meaning substantially the same thing, the parties to the contract meant that more diligence should be used in doing the particular thing required than would be required where it is only agreed, either in express terms or by implication of law, that the thing is to be done "in a reasonable time." When we consider, however, that what is a reasonable time depends upon all the facts and circumstances of the particular case, which might require a much higher degree of diligence and much greater expedition in one case than in another, and that, after all, the phrase "as soon as possible" or "with as little delay as possible" has still that element of what is reasonable in it, in connection with the word "possible," which, unless such meaning is clearly expressed or clearly appears from the context, does not mean more than "reasonably possible" in the particular case, there seems some solid ground for the conclusion at which courts have arrived, that the phrase used in this contract means that the orders shall be filled within a reason-

able time, as stated in the charge of the court. In Lund v. St. Paul, M. & M. R. Co. (71 Pac., 1032, 61 L. R. A., 506), "reasonable time" was held to mean "as soon as circumstances will permit," which means substantially the same thing as "as soon as possible" or "with as little delay as possible." This definition, however, is slightly different from that adopted in Bowen v. Detroit City Ry. Co. (20 N. W., 559)— that is, "so much time as is necessary, in the circumstances, to do conveniently what the contract requires." We find this statement of the law on this question in 2 Mechem on Sales (sec. 1134): "All these terms require construction, and, as to such terms as: 'forthwith,' 'immediately,' 'as soon as possible,' and the like, it must be construction in view of the circumstances of the case and the situation of the parties. Each of these expressions may be somewhat indefinite in meaning, but they are all expressive of promptness to a greater degree than would ordinarily be indicated by such a phrase as 'a reasonable time,' though under peculiar circumstances they may mean no more."

We conclude, however, that the weight of authority sustains the rule as stated in the charge of the court, that appellee was only required to fill appellant's orders in a reasonable time (1 Words and Phrases, title, "As soon as possible," and authorities cited). At all events, it does not appear that if the charge were erroneous, as contended, appellant was prejudiced thereby.

As to the sixth proposition under this assignment, it appears with reasonable clearness from the evidence that the market value as testified to by appellee, as well as the contract price, was for lumber loaded on cars at Caroline Switch. We can see no reason, however, why the evidence should not have been made indisputably clear upon this, and many other questions presented, upon which it is not at all so.

There is no merit in the seventh proposition, and the entire assignment is overruled.

The third assignment of error presents no ground for reversal. Certainly the charge objected to is not affirmative error.

Although the contract called for 1,250,000 feet of lumber, the stock sheet attached to the contract and made a part thereof only showed about 989,988 feet had been delivered. Appellee in his petition claimed as his damages the refusal to take the entire million and a quarter feet less the amount delivered, which is stated to be 1,006,099 feet, and the difference in the contract price and the market value at date of breach at the place of delivery is claimed to be $3,893.48, which is the exact amount of the verdict. It thus appearing with reasonable conclusiveness that the jury had adopted the appellee's statement instead of being guided by the charge of the court, after motion for new trial had been filed appellee remitted a proportionate amount, according to the estimate of $3.86 per thousand, which seems to have been the estimate made by appellee and adopted by the jury as his damages. In making this estimate, however, no attention seems to have been paid by appellee to several material matters which necessarily entered into the question of the amount of appellee's damages. In making his estimate appellee first figured out the contract price

of the lumber, taking the price for lumber of the various dimensions, such price varying from $18.25 per thousand for some of it to $12.25 for lumber of different dimensions, with what appears to be rather an arbitrary deduction for that portion which was of the grade of No. 2. In arriving at the market value, this is stated for the entire list to be $11 per thousand for No. 1 and $10 for No. 2, taking no account of the varying values of the different dimensions of lumber. Furthermore, there is no evidence which we have been able to find in the record as to the proportion of the lumber of the grade of No. 2, which was an important matter, as under the terms of the contract appellant was only required to take of No. 2 lumber such portion as did not exceed twenty percent of the whole, and was not required to take any of it that was under this grade. Thus, in order to recover the amount adjudged to him, after the remittitur, appellee was required to show affirmatively that all of the lumber on hand was No. 2 or better; and further, that not more than twenty percent of it was of the grade of No. 2. In appellee's estimate, upon which the verdict was based, he makes allowance arbitrarily for twenty percent of the lumber as No. 2, and rather assumes than shows by evidence that none of it was of a lower grade which appellant was not required to take.

Appellant in its brief also points out, and it is not denied by appellee, that the estimate of appellee shows that, of certain dimensions of the lumber, there were larger quantities than are embraced in the stock sheet. As appellant bought only the lumber listed in the stock sheet, it seems to us that he could only be required to take of lumber of any particular dimensions the quantity of lumber of the dimensions listed in the stock sheet. No account was taken of this in arriving at the verdict.

These objections to the verdict are not here, nor were they in the motion for a new trial, as specifically presented, probably, as they should be, but we are of the opinion that they are sufficiently so to entitle them to consideration, and the assignments of error which go to the insufficiency of the evidence to support the judgment for the amount thereof must be sustained.

The evidence was sufficient to authorize the finding that the appellant had breached the contract, and the assignments of error presenting that question are overruled.

For the errors indicated, we are of the opinion that the judgment should be reversed and the cause remanded, and it is so ordered.

ON MOTION FOR REHEARING.

Our attention has been called, in motion for rehearing, to an error in our opinion in this cause. In the opinion as filed the following statement is made: "Although the contract called for 1,250,000 feet of lumber, the stock sheet attached to the contract and made a part thereof only showed about 989,988 feet had been delivered." The statement should have been that the stock sheet only showed 989,988 feet, of which 119,506 feet had been delivered.

The motion is overruled.

*Reversed and remanded.*