[No. 11034.   Department One.   July 10, 1913.]

H. D. LARNED, *Respondent*, v. HOLT & JEFFERY,
INCORPORATED, *Appellant.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—DAMAGES TO ABUTTERS
—CONTRACTORS—LIABILITY.  A city contractor on a public improve-
ment, using streets for a tramway by permission of the city, is not
liable to abutting owners on account of temporary inconvenience or
damage by reason of the prosecution of the work in a lawful manner,
where the contractor was free from negligence.

Appeal from a judgment of the superior court for King
county, Myers, J., entered June 11, 1912, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
damages to property by reason of obstructions in a street.
Reversed.

*Preston & Thorgrimson* and *Sanford C. Rose,* for appellant.
*Peterson & Macbride,* for respondent.

PARKER, J.—The plaintiff sought to recover from the de-
fendant damages in the sum of $1,032 for injury to his hotel
business by noise, smoke and vibration, which he claims re-
sulted from the operation of the defendant's cars and engines
upon a temporary trestle in the street in front of the hotel
building occupied by him in Seattle.  A trial before the court
and a jury resulted in verdict and judgment against the de-
fendant in the sum of $250, from which it has appealed.

Respondent is the proprietor of a hotel business located in
the building at the southwest corner of Lenora street and
Westlake avenue, in the city of Seattle.  Appellant is a con-
tracting company, and from November 1, 1910, to June 1,
1911, was engaged in the execution of two large street im-
provement contracts for that city.  One of these, referred to
as the Denny Hill improvement, called for the excavation and
removal of a very large quantity of earth; while the other, re-

[1]Reported in 133 Pac. 460.

ferred to as the Westlake avenue improvement, called for a
very large quantity of earth filling. It was evidently desir-
able on the part of the city, as well as the appellant, that the
earth taken from the Denny Hill improvement should be
placed in the Westlake avenue improvement. To this end,
the city granted to appellant the privilege of constructing,
in certain streets leading from the Denny Hill improvement
to the Westlake avenue improvement, a small railway upon
which to run dump cars and a small locomotive engine for the
purpose of transferring the earth from the Denny Hill im-
provement to the Westlake avenue improvement. The city
not only granted this privilege, but directed what streets
should be used, and also directed the manner of constructing
the track. The route thus selected by the city passed along
Lenora street in front of respondent's hotel. At this point
it was necessary, and the city so directed, that the track be
elevated so as to permit street cars and other traffic to pro-
ceed uninterrupted on that avenue. The track was so con-
structed, which brought it at no point nearer than thirty-
eight feet to respondent's hotel building, and from ten to
eighteen feet above the surface of the street along in front of
the building. Upon the track thus constructed, appellant
operated its cars and engines during the period mentioned,
from November 1, 1910, to June 1, 1911, when the work was
finished. There is no allegation or proof whatever of neg-
ligence on the part of the city or appellant in the prosecution
of this work, nor as to unreasonableness of the time occupied
in its prosecution. We assume, for argument's sake, that dur-
ing this period respondent suffered some appreciable inconven-
ience and damage to his business by noise, smoke and vibra-
tion, occasioned by the operation of appellant's cars and en-
gines, though, as we have noticed, it was undisputed that
such annoyance and damages was not the result of negligent
operation of the cars and engines.

It is contended by counsel for appellant that its challenge
to the sufficiency of the evidence to sustain any judgment

against it, made by request for an instructed verdict in its favor and for motion for judgment notwithstanding the verdict, should have been sustained by the trial court, and that it is now entitled to a reversal of the judgment and a dismissal of the action upon that ground. We are constrained to agree with this contention. Upon the holding of this court in *Lund v. St. Paul, M. & M. R. Co.*, 31 Wash. 286, 71 Pac. 1032, 96 Am. St. 906, 61 L. R. A. 506, it seems plain the fact that appellant was doing public improvement work for the city, which, though appellant was an independent contractor, was under the direction and control of the city, places appellant in the same position that the city would be in had it been prosecuting the work itself, so far as liability for damages to respondent flowing therefrom is concerned: that is, if the city was not liable for consequential damages, upon the same principle appellant would not be. It seems to us that our recent decisions in *Stern v. Spokane*, 73 Wash. 118, 131 Pac. 476, and *Heiber v. Spokane*, 73 Wash. 122, 131 Pac. 478, are decisive of this case in appellant's favor upon the question of the damages claimed being consequential. This is the theory upon which counsel for appellant insists that it is not liable. We are constrained to so hold. It being plain that the city was engaged in a perfectly lawful undertaking, and to that end was temporarily causing its streets to be used by appellant, neither was liable to respondent for damages other than those which were the result of negligence.

It is apparent to the most casual observer that property and business locations in our centers of population are desirable and derive well known advantages from being so situated. The density of population which renders such locations valuable also renders the more necessary public inmprovements of the nature here involved, to the end that such advantages may be more fully enjoyed. The making of such public improvements necessarily results in more or less temporary inconvenience, and even damage to property and business in their neighborhood while being constructed. Aside from acts

of negligence on the part of the public authorities in constructing such improvements, owners of property and business so temporarily inconvenienced or even damaged must bear such burdens as an incident to the enjoyment of the advantages which their locations give them.

The judgment is reversed, with directions to the superior court to dismiss the action.

CHADWICK, MOUNT, and GOSE, JJ., concur.