[No. 22921. Department One. July 15, 1931.]

C. KIRK HILLMAN, *doing business as C. Kirk Hillman Company, Respondent,* v. THE CITY OF SEATTLE *et al., Appellants.*[1]

*A. C. Van Soelen* and *E. I. Jones,* for appellant City of Seattle.

*Edwin H. Flick* and *Herald A. O'Neill,* for appellants Geo. Nelson & Co. and C. & F. Teaming and Trucking Co.

*Peyser & Bailey,* for respondent.

[1] Reported in 299 Pac. 514.

TOLMAN, C. J.—Respondent, as plaintiff, brought this action to recover damages for injuries alleged to have been caused to his office and warehouse building through the negligent construction of a sewer in a street upon which the building abutted.

A trial was had to a jury, which returned a verdict in favor of the plaintiff in the sum of one dollar. The defendants interposed a motion for judgment n. o. v., and the plaintiff moved for a new trial.

The trial court, being of the opinion that the verdict of the jury was a finding in favor of the plaintiff on the question of liability, and that the evidence introduced warranted a verdict in a substantial amount, denied the motion for judgment n. o. v. and granted the motion for a new trial, with the alternative option to the defendants to submit to the entry of a judgment against them and in favor of the plaintiff in the sum of $1,500 in lieu of standing a new trial. This option being rejected, a formal order granting a new trial was entered, and the defendants have appealed therefrom.

The errors assigned are but two in number, involving the challenge to the sufficiency of the evidence at the close of plaintiff's case and the alternative order for a new trial; but these present every material fact in the case.

The voluminosity of the record, together with the elaborateness with which the case has been briefed and argued on the part of appellants, prevents a detailed discussion, or even a complete setting out, of all of the facts which seem to be considered pertinent. We must perforce give only a bare outline of the situation.

The building in question was erected in 1923, having a frontage of sixty feet on First avenue, in the city of Seattle, and running back 148 feet to Hanford street, with presumably a like frontage there. The land upon

which it is situated is a part of the Seattle tide lands filled in twenty-five years or more ago. The soil is of a light, sandy nature. Because of the soil, extra large concrete footings were placed under the building when it was erected, and other means were used to obtain a solid foundation and a sound and substantial building suitable for warehouse purposes. The plans and specifications for the building were approved by the building department of the city, which department, after the completion, approved the completed structure.

The building was used up to the time complained of, with satisfactory results. There was no noticeable settlement of any part, and no cracks appeared except the natural cracks along the cold joints of the concrete floor.

Prior to March, 1929, the city had awarded a contract to appellant George Nelson & Co. to construct a trunk sewer in Hanford street, and the appellant C. & F. Teaming and Trucking Co. became the sub-contractor under Nelson & Co. who actually excavated the ditch for the sewer. Hanford street, where respondent's building abuts upon it, is 150 feet wide; but instead of placing the ditch in or near the center of the street, it was constructed along a line some six or seven feet distant from the line of the respondent's building.

The construction work approached respondent's property about the middle of March, 1929, and at that time the ditch was open to a depth of some six or eight feet, and no cribbing was placed therein; nor were there any supports placed to hold the earth adjoining and under the respondent's building, and to prevent the natural effects of the removal of lateral support. The tide was permitted to ebb and flow in the ditch, and there was abundant evidence from which the jury

may have found that, because of these conditions, large quantities of sand and earth slid out and by the action of the ground water were washed into the ditch and carried away, thus undermining the building and causing it to settle and crack to an extent justifying a substantial recovery.

Nor was this all. There was also evidence tending to show that, as the ditch was deepened, it was very inadequately cribbed or sheathed, so that large quantities of earth were negligently allowed to escape through the openings and cracks in the cribbing, and in addition, with the ditch in that open condition, a large pile driver was used to drive piles in the bottom of the ditch to furnish a foundation for the concrete to be laid, and the concussion and jarring of this operation shook the building and the whole surrounding terrain, thus adding to the escape of the soil which supported the building and immediately causing cracks and settlement of the building to appear.

There was evidence clearly showing that these results were not due solely to the fault of the city's plans and specifications, and that the contractors had a free hand in selecting the manner and method of doing the work, and that they did follow their own method.

Of course, the evidence in regard to the matters we have mentioned was by no means undisputed. Much testimony was introduced presenting an issue on many and perhaps most of the material questions; but these issues were for the jury, and, since there is no complaint that the jury was not properly instructed, the verdict is conclusive. Certainly the evidence was sufficient at the close of the respondent's case to carry the case to the jury, and there was no error in then denying the motion for a non-suit.

We think the case of *Small v. Seattle*, 139 Wash. 559,

247 Pac. 925, 48 A. L. R. 125, a sufficient authority for these views, and, in view of the facts as we see them, a sufficient answer to appellants' contentions. It was there said:

"Some contention is made in behalf of the dredging company that it, in no event, should be held liable, because it was doing the work as an independent contractor, according to plans and specifications prepared by the city. We have seen that the dredging company was entirely free to bring the earth to the Ninth avenue improvement, either by sluicing or as dry earth, sluicing it into place thereafter, which, of course, would require very much less water. This, we think, is sufficient to render it liable for the damage. The conveyance of the earth by sluicing operations was not doing something that it was necessary for it to do in the construction of the improvement. The sluicing was a mere alternative means to an end; it was not the end which the city contracted to have the dredging company accomplish.

"It is contended in behalf of the city that it in any event should not be held liable to Small for the damage to his house, because the dredging company was an independent contractor. This contention, we think, is not well founded, in view of the city sanctioning the conveyance of the earth to the Ninth avenue improvement by sluicing process. This it manifestly did by the express provision of the specifications above noted; and besides, it is manifest that the city had an inspector upon the work watching its progress, who had full knowledge of the dredging company so using the sluicing process for conveyance of the earth and also had full knowledge of the possibility of damage from the turning loose of such a large volume of water in that neighborhood continuously for a period of six days, especially in view of the fact that the slough outlet through the grade of the railway on Fifth avenue was manifestly already nearly taxed to its limit. We do not think that the city ought to be permitted to escape liability merely because the dredging company was acting for it, generally speaking, as an independent contractor."

406

The second question needs no elaborate discussion. As we have seen, the verdict of the jury was a finding in favor of respondent on the question of negligence of the appellants. The fact is clear that, such negligence being established, substantial damages should have been allowed. This exact question, to all intents and purposes, was passed upon by this court in *Bingaman v. Seattle*, 139 Wash. 68, 245 Pac. 411. The trial court followed the rule laid down in that case, and its judgment must be affirmed.

Judgment affirmed.

MAIN, PARKER, MITCHELL, and HOLCOMB, JJ., concur.