[No. 27838. Department One. March 16, 1940.]

MORRIS MUSKATELL, *Appellant*, v. QUEEN CITY CONSTRUCTION COMPANY, *Respondent*.[1]

*Stevenson & Gershon*, for appellant.

*Ballinger, Hutson & Boldt*, for respondent.

MAIN, J.—This action was brought to recover damages to real property. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that there could be no recovery against the defendant. From the judgment entered dismissing the action, the plaintiff appeals.

No bill of exceptions or statement of facts has been brought to this court, and the facts, as found by the trial court, will be summarized only in so far as it ap-

[1]Reported in 100 P. (2d) 380.

pears to be necessary to present the question here for determination.

The appellant was the owner of a property which abutted upon the west side of a street known as east Marginal way, in the city of Seattle, upon which property there had been erected a one-story building.

Sometime during the month of June, 1938, the city of Seattle entered into a written contract with the respondent, the Queen City Construction Company, to construct a trunk sewer extending along east Marginal way, and to make the necessary excavations therefor, in accordance with the plans and specifications furnished by the city. Pursuant to the contract, the respondent entered upon the work. The excavation necessary for the laying of the sewer pipe was eight feet from the west margin of the street. In front of the appellant's building, the excavation was eighteen feet deep. When the water was pumped from the excavation, sand and water from under the building ran through what is called the "sheet piling," with the result that the soil and earth under the building subsided, causing damage to the concrete floor therein.

The city of Seattle was not made a party to the action. It is expressly found that the work was done in exact accord with the plans and specifications of the city, and under its supervision. It is admitted by the appellant that the contractor was in no manner negligent in his performance of the work.

The appellant contends that, inasmuch as the city, prior to contracting for the work done, did not bring eminent domain proceedings to ascertain the damages, the contractor is liable therefor, even though not negligent. Attention is called to § 16 of Art. I of the constitution of this state, which provides that no private property shall be taken or damaged for public or pri-

vate use without just compensation having first been made; but that provision is not here applicable.

The rule is that, where a city, acting within its general powers, contracts for improvement upon a street, and the work is done by a contractor in accordance with the plans and specifications furnished by the city, he is the agent of the city and is not liable for damages in the absence of negligence in the performance of the work. *Kaler v. Puget Sound Bridge & Dredging Co.*, 72 Wash. 497, 130 Pac. 894, 20 A. L. R. 674; *Ettor v. Tacoma*, 77 Wash. 267, 137 Pac. 820; *Curtis v. Puget Sound Bridge & Dredging Co.*, 133 Wash. 323, 233 Pac. 936; *Wolten Grocery Co. v. Puget Sound Bridge & Dredging Co.*, 165 Wash. 27, 4 P. (2d) 863. Under the rule stated, the respondent in this case was not liable for any damage that may have occurred to the building.

As already indicated, the appellant seeks to escape the force of that rule by contending that it is not applicable where the city has not brought condemnation proceedings prior to undertaking the work. No case from this jurisdiction has been cited supporting the position taken by the appellant. If such were the rule, the bidding on contracts with a city would be somewhat hazardous, because the contractor could never know what the amount of damages which he might have to pay to abutting property would be. In this case, of course, as in all others, the contractor had no right to bring any such proceeding. In many cases, before the work was entered upon, it could not be determined whether there would be any damage to adjacent property by reason of the performance of the work. In this case, there was no way of knowing, until after the trench was dug, that water and sand would escape from under the appellant's building and find its

way into the trench, thus causing the building to subside somewhat, with the resultant damage to the floor.

Cases where a contractor is not a party have no application to the present situation.

The judgment will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.