### Richmond

TIDEWATER CONSTRUCTION CORPORATION v. W. N. MANLY
AND LUCILE T. MANLY.

April 20, 1953.

Record No. 4052.

Present, All the Justices.

The opinion states the case.

*Williams, Cocke & Tunstall, Jack E. Greer,* for plaintiff in error.

*James G. Martin & Sons, A. A. Bangel,* for defendants in error.

WHITTLE, J., delivered the opinion of the court.

W. N. Manly and Lucile T. Manly filed a motion for judgment against Tidewater Construction Corporation, Merritt, Chapman

and Scott, Inc., and Norfolk Dredging Company, Inc., seeking to recover for damages to a building owned by plaintiffs, alleging that its subjacent support had been removed by the defendants who were at the time engaged in the construction of a tunnel.

As the trial progressed plaintiffs took a non-suit as to the two last named defendants and proceeded against Tidewater Construction Corporation.

Tidewater Construction Corporation filed its grounds of defense denying that it had removed any subjacent support causing the damage alleged, and further denying that it was guilty of any wrongful act by which it could be charged with causing the injury.

At the conclusion of the plaintiff's evidence and again before the case was submitted to the jury the defendant moved to strike the evidence of the plaintiffs on the grounds that it had not been proven that it had caused any damage to plaintiff's building; that there was no evidence of any negligence on its part; that it could not be held responsible for damage to the building in the absence of negligence; and that there was no way for the jury to determine whether the alleged damage had been caused by it or by other contractors engaged in the construction.

The trial court overruled the motions and a verdict was returned by the jury against the defendant for $9,400. The court also overruled defendant's motion to set the verdict aside and entered judgment thereon, to which action we granted a writ of error.

Nine assignments of error were listed by the defendant which present two questions for decision:

1. Whether there was sufficient evidence to prove that the defendant caused the alleged damage to plaintiffs' premises; and

2. Whether it was necessary for plaintiffs to prove negligence on the part of the defendant in order to hold it liable for the alleged damage to the building.

In our view of the case it is only necessary for us to consider the second question.

The Elizabeth River Tunnel District and Commission were created by the legislature in 1942 for the purpose of constructing a tunnel between the cities of Norfolk and Portsmouth. (Chapter 130, Acts of 1942). The Commission was empowered

to purchase or condemn property for the purpose, and it could sue and be sued. The Commission had purchased and was the owner in fee of the property upon which the work allegedly causing the damage complained of was performed.

The Tidewater Construction Corporation, contractors, had been engaged by the Commission to construct the link of the tunnel running under the southern branch of Elizabeth river. In the course of the construction it was necessary to employ a dewatering system in order to keep the cut dry so that the concrete work might be effected according to specifications.

Plaintiffs contend that the dewatering operation removed water from under the ground and the subjacent support of their building was affected, causing it to settle, which resulted in the cracking of the walls and floors.

The Manly building was a two-story brick structure, erected in 1946. It was located 449.5 feet from the tunnel operation. The foundation was on piles driven to an average depth of 32 to 35 feet, capped off with concrete.

It is admitted by the Manlys that the defendant was guilty of no negligence in the construction of the tunnel and the approaches thereto, and that it had performed the work thereon strictly in accordance with the plans and specifications embraced in its contract with the Commission. Counsel for plaintiffs, in argument at bar, stated: "If we have to prove negligence, we have no case."

Plaintiffs contend that they do not have to prove negligence but only have to prove damage resulting from the construction in order to recover. They argue that as the Tunnel Commission had the power to condemn property, and the Constitution (sections 6 and 58, Virginia Constitution, 1902), and statutes enacted pursuant thereto (Va. Code, 1950, Title 25, chapter 1), "guarantee" compensation for property *damaged,* the Tunnel Commission is liable to them for such damage as is here sued for. Plaintiffs therefore argue that if the Tunnel Commission is liable for the damage, it must follow that the contractor is also liable.

Plaintiffs cite the case of *Tidewater Railway Company* v. *Shartzer,* 107 Va. 562, 59 S. E. 407, wherein the history of our constitutional provisions dealing with eminent domain and the statutes enacted pursuant thereto are fully treated. We see no necessity for repeating what was there said as to the

history and effect of the legislation. Nor are we called upon to discuss or decide which of the various acts of public agencies, having the power of eminent domain, may or may not render them liable to persons whose property has been damaged as the result of a public improvement.

In this case we may assume, for the sake of argument, that plaintiffs have proven damage caused by the defendant's work on the tunnel, and we may further assume, without deciding, that the Constitution gives the property owner the right to compensation under the established facts. Yet, granting this, the Tidewater Construction Corporation cannot be held liable in the absence of negligence on its part.

■ Thus, if the constitutional provision is to be construed as creating liability under the facts of this case regardless of negligence (which we are not called upon here to decide), then such liability should be imposed upon the public agency to whom the extraordinary power of eminent domain has been accorded, and not the contractor who, in this instance, has admittedly followed the plans and specifications furnished and is free from negligence. There is no common law rule nor legislative enactment extending non-negligent liability to the contractor in such cases.

If this were not the rule, the State or subdivisions thereof having the power to condemn private property for public use, would find it difficult to secure bids from contractors. The contractor's bid is based upon the theory that the public agency has a legal right to submit its plans and specifications for the work to be performed, and that if he performs the work in accordance with the plans and specifications he will incur no liability in the absence of negligence. The public agency and not the contractor is the party clothed with the power of eminent domain, and if there is to be any special or unforeseen liability attached to the exercise of this power then it should be borne by the agency as an incident to the peculiar power.

This conclusion is amply supported by the authorities. The public agency or corporation causing the land to be condemned or the work to be done is primarily liable for injuries caused by the exercise of the power of eminent domain. *Village of Glencoe* v. *Hurford,* 148 N. E. 69, 317 Ill. 203; 20 C. J. 845, note 59. And this applies to property taken or damaged by a city, county or other political subdivision. *Hulen* v. *City of Corsicana,*

(C. C. A., Tex.) 65 F. 2d 969, cert. denied 290 U. S. 662, 54 S. Ct. 77, 78 L. ed. 573; *Coy* v. *City of Tulsa*, (D. C. Okla.) 2 F. Supp. 411. A contractor or agent lawfully acting on behalf of a principal to whom the right of eminent domain has been accorded, in making a proposed public improvement, cannot be held personally liable for damages if such improvement is made without negligence on his part. *Yearsley* v. *W. A. Ross Const. Co.*, 309 U. S. 18, 60 S. Ct. 413, 84 L. ed. 554, 557; *Burt* v. *Henderson*, 238 S. W. 626, 152 Ark. 547; *Marin Municipal Water Dist.* v. *Peninsula Paving Co.*, 94 P. 2d 404, 34 Cal. App. 2d 647; *Bondy* v. *Utah Const. Co.*, 23 N. Y. S. 2d 125; *Svrcek* v. *Hahn*, (Tex. Civ. App.) 103 S. W. 2d 840; *Panhandle Const. Co.* v. *Shireman*, (Tex. Civ. App.) 80 S. W. 2d 461; 29 C. J. S., Eminent Domain, § 195, page 1098, note 41.

In *Marin Municipal Water District* v. *Peninsula Paving Co.*, *supra,* the plaintiff claimed damages to a water main caused by defendant's construction of a highway across a swamp. It was found that the contractor had followed the plans and specifications and was free from negligence. The court held:

"Conceding, for the sake of argument, that the effect of the constitutional provision is to make the state, or a public agency by it employed in the construction of a work designed to protect the lives and property of a large community, liable for indirect and consequential damages, such as were alleged and proved in this case, and which could not have been estimated or compensated in advance, although some damage might naturally have been apprehended, it does not follow that the contractor, executing the work carefully and properly according to plan, would be liable. On the contrary, since in the case supposed the state or corporation would be liable, not for tort, but only upon its obligation to compensate the damages resulting from the rightful exercise of its power, the liability would rest upon it alone, and the contractor, who has merely constructed the work carefully and properly according to the plans, will be exempt from any liability."

In *Muskatell* v. *Queen City Const. Co.*, 100 P. 2d 380, 3 Wash. 2d 200, the city of Seattle entered into a contract with the defendant construction company for the construction of a sewer along a street in accordance with the plans and specifications furnished by the city. An excavation 18 feet deep was made in front of plaintiff's premises and, because the ground was marshy

and had a high water table, water was pumped out of the excavation. Sand and water from under plaintiff's building ran through the sheet piling on the side of the excavation with the result that the ground under the building subsided and the building was damaged. The plaintiff sued the contractor but was denied recovery, the court saying, at page 381:

"The appellant contends that, inasmuch as the city, prior to contracting for the work done, did not bring eminent domain proceedings to ascertain the damages, the contractor is liable therefor, even though not negligent. Attention is called to section 16 of Article 1 of the Constitution of this State, which provides that no private property shall be taken or damaged for public or private use without just compensation having first been made; but that provision is not here applicable. The rule is that, where a city, acting within its general powers, contracts for improvement upon a street, and the work is done by a contractor in accordance with the plans and specifications furnished by the city, he is the agent of the city and is not liable for damages in the absence of negligence in the performance of the work. * * * Under the rule stated, the respondent in this case was not liable for any damage that may have occurred to the building.

"As already indicated, the appellant seeks to escape the force of that rule by contending that it is not applicable where the city has not brought condemnation proceedings prior to undertaking the work. No case from this jurisdiction has been cited supporting the position taken by the appellant. If such were the rule, the bidding on contracts with a city would be somewhat hazardous, because the contractor could never know what the amount of damage which he might have to pay to abutting property would be * * *."

Accordingly, there can be no recovery in this case against Tidewater Construction Corporation, and the judgment of the trial court is reversed and final judgment is here entered in favor of the defendant.

*Reversed and final judgment.*