# Richmond

## V. N. Green & Company, Inc. v. Douglas M. Thomas, Et Al.

March 8, 1965.

Record No. 5882.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*George P. Young* (*Campbell & Campbell*, on brief), for the plaintiff in error.

No brief filed or argument on behalf of the defendants in error.

I'ANSON, J., delivered the opinion of the court.

Plaintiffs, Douglas M. Thomas and Laire T. Thomas, filed a motion for judgment to recover damages to a dwelling owned by

them as a result of vibrations and concussions set in motion by blasting operations of the defendant, V. N. Green & Company, Inc., while it was engaged in the construction of a public highway.

The motion for judgment was based on the theory of "liability without fault," and did not contain any allegations of negligence, but plaintiffs' bill of particulars, filed after defendant's demurrer was overruled, alleged that the blasting operations were negligently performed; that the defendant was liable for damages to their property, irrespective of any negligence; and, further, that they were entitled to recover under the doctrine of *res ipsa loquitur*.

Upon the conclusion of plaintiffs' evidence and again at the conclusion of all the evidence, defendant's motions to strike the evidence and enter summary judgment for it were overruled, and the jury returned a verdict for the plaintiffs in the amount of $1500. Judgment was entered on the verdict, and the defendant is here on a writ of error.

The questions presented by defendant's assignments of error are: (1) whether or not the plaintiff must prove that the blasting was negligently performed before liability may be imposed on the defendant; and (2) if it was necessary for the plaintiffs to prove negligence, did they carry that burden?

Defendant, while engaged in the performance of a contract with the Commonwealth of Virginia, Department of Highways, for the construction of interstate highway 81 during the latter part of 1960 and in early 1961, was required by the plans and specifications of the department to make a deep cut through an elevation of rock approximately 900 feet long on property owned by the Commonwealth of Virginia in the vicinity of a parcel of land owned by plaintiffs in the town of Marion, Virginia.

In November, 1960, plaintiffs began the construction of a one-story, seven-room dwelling on their land. The house, completed sometime during 1961, is 44 feet long and 33 feet wide, and has a carport attached to one end of the building. A basement extends under the full length and width of the house. The foundation is constructed of concrete block, resting on adequate footings, and the basement floor is concrete.

There was credible evidence before the jury that vibrations and concussions from six blasts set off by defendant caused damage to plaintiffs' house while it was under construction. After the first blast, in December 1960, which caused cracks to appear in the mortar between the concrete foundation blocks and in the basement floor,

plaintiffs complained to representatives of the defendant, but the blasting continued from time to time through March 1, 1961. As a result of the blasting operations the house shook, numerous cracks appeared in the plastered walls, rafters pulled away from the roof, causing leaks and damage to the living room ceiling, and several windows fell out of their frames.

The nearest point from the cut made in the rock to plaintiffs' house was 474 feet, and the farthest point was 900 feet.

It was undisputed that defendant constructed the road in accordance with the plans and specifications of the highway department and that the blasting operations were performed under the supervision of a "certified blaster," which was required by the department. An inspector of the highway department was also present when much of the blasting complained of was performed.

The defendant argues that the blasting operations having been performed by virtue of a contract with the State Highway Department, it is entitled to share the immunity of the Commonwealth from liability for consequential damages necessarily involved in the performance of the contract, unless it was guilty of negligence. Thus it says that the trial court erred in instructing the jury that their verdict should be for the plaintiffs, "if you believe from a preponderance of the evidence that the damage complained of was the direct and proximate result of the blasting by the defendant through its agents, servants and employees," irrespective of negligence on the part of the defendant.

Defendant's contention is supported by our holding in *Tidewater Construction Corp.* v. *Manly*, 194 Va. 836, 75 S. E. 2d 500, where we said:

"A contractor or agent lawfully acting on behalf of a principal to whom the right of eminent domain has been accorded, in making a proposed public improvement, cannot be held personally liable for damages if such improvement is made without negligence on his part." (Citing numerous cases.) 194 Va. at p. 840, 75 S. E. 2d at p. 502.

This principle also finds support in the clear and unequivocal statement found in 43 Am. Jur., Public Works and Contractors, § 83, at pp. 827, 828, as follows:

"As a general rule, a private contractor in the construction of a public improvement under a contract with duly authorized authorities is not liable for any injury, direct or consequential, to owners of

private property that may result as a necessary incident from the prosecution of the work in a proper manner, which would otherwise amount to a nuisance. The theory is that one who contracts with a public body for the performance of a public work is entitled to share the immunity of the public body from liability for incidental injuries necessarily involved in the performance of the contract, where he is not guilty of negligence. In other words, when the act or failure to act which causes an injury is one which the contractor was employed to do and the injury results not from a negligent manner of doing the work, but from the performance thereof, the contractor is entitled to share the immunity from liability which the public enjoys, but he is not entitled to the immunity of the public from liability where the injury arises from the negligent manner of performing the work. * * *" See also 27 Am. Jur., Independent Contractors, § 53, p. 532; 40 C. J. S., Highways, § 212, p. 208; Anno., 69 A. L. R. 489, 490, 496.

For cases from other jurisdictions following the general rule see *Valley Forge Gardens, Inc.* v. *James D. Morrissey, Inc.*, 385 Pa. 477, 123 A. 2d 888, 891, 892; *Pumphrey* v. *J. A. Jones Construction Co.*, 250 Iowa 559, 94 N. W. 2d 737, 739-743; *Nelson* v. *McKenzie-Hague Co.*, 192 Minn. 180, 183, 256 N. W. 96, 97-100, 97 A. L. R. 196; *Benner* v. *Atlantic Dredging Co.*, 134 N. Y. 156, 161, 31 N. E. 328, 329, 17 L. R. A. 220, 30 Am. St. Rep. 649; *Chargois* v. *Grimmett & James*, La. App., 36 So. 2d 390, 392.

However, there is authority contra: See *Whitney* v. *Ralph Myers Contracting Corp.*, 146 W. Va. 130, 118 S. E. 2d 622; *Scranton* v. *L. G. DeFelice & Son., Inc.*, 137 Conn. 580, 79 A. 2d 600; *Berg* v. *Reaction Motors Div.*, 37 N. J. 396, 181 A. 2d 487.

In the instant case the defendant contractor was performing a contract for the construction of a public highway in a lawful manner on behalf of the State Highway Department. The only way it could construct the highway in accordance with the plans and specifications was to make a cut through the rock by blasting. The blasting operations were conducted by an expert in the field of explosives, which was required by the department. Moreover, an agent of the department was present when the "certified blaster" put dynamite in the holes bored in the rock when most of the blasting complained of was done. Hence the defendant could not be held personally liable for consequential damages caused to the plaintiffs' home by vibrations and concussions in the absence of proof that the blasting

was negligently performed. Thus it was error for the court to instruct the jury that the defendant was liable for damages to plaintiffs' house if the damages sustained were a direct and proximate result of the blastings, irrespective of its negligence.

Defendant says that there was no evidence that it was negligent in the performance of the blasting operations and the trial court erred in not striking the evidence and entering summary judgment for it.

The burden was on the plaintiff to prove that the defendant or its agents, servants or employees were guilty of some specific act or acts of negligence which directly and proximately contributed to the resultant damage. Negligence cannot be presumed, and the doctrine of *res ipsa loquitur* has no application here. *Young and Sons v. Kirk*, 202 Va. 176, 182, 183, 116 S. E. 2d 38, 42, 43; 22 Am. Jur., Explosions and Explosives, § 96, p. 214; Anno., 20 A. L. R. 2d 1372, 1388, 1397.

In the *Young* case Kirk and his wife conveyed to the Commonwealth a parcel of land needed for relocation and improvement of a highway, and in their deed they released all claims for damages to their remaining property arising out of the highway improvement except that caused by negligence or departure from the plans and specifications. In constructing the highway on behalf of the Commonwealth it was necessary for the contractor, Young, to blast rock formations which were within 500 to 600 feet of the Kirk dwelling. During the blasting, which continued for approximately three months after complaint was made to the contractor, the Kirk home shook and numerous cracks appeared in the mortar between the blocks of the outside walls and in the concrete floors, windows and inside walls. The contractor's negligent installation and construction of drainage facilities in connection with the highway work also caused damage to their well and bottom lands. The Kirks recovered a judgment against the contractor for the damages complained of. On appeal we reversed the judgment, holding that the evidence was insufficient to show that the contractor was guilty of negligence insofar as the consequential damage to the house was concerned, since negligence could not be inferred from the resultant damage; and since we were unable to ascertain from the jury's verdict the amount fixed for damages to the well and the bottom land resulting from the negligent installation and construction of drainage facilities, the case was remanded for a new trial on that issue alone.

In the present case the evidence is insufficient to prove that the

defendant was negligent in performing the blasting operations. Plaintiffs offered no expert testimony to prove that excessive amounts of explosives were used, that the shots were unnecessarily violent and destructive, or that they were in dangerous proximity to plaintiffs' property. On the other hand, defendant's evidence showed that the blasting operations were conducted by an expert in the field of explosives. Hence it may not be inferred from the resultant damage to plaintiffs' home, caused by vibrations and concussions, that the defendant was guilty of negligence in performing the blasting operations. To hold otherwise would be to indulge in speculation and surmise.

For the reasons stated, the judgment is reversed and final judgment is here entered for the defendant.

*Reversed and final judgment.*