GUILFORD REALTY AND INSURANCE COMPANY v. BLYTHE BROTHERS COMPANY, A CORPORATION, AND HOWARD CONSTRUCTION COMPANY, A CORPORATION, INDIVIDUALLY AND JOINTLY, DOING BUSINESS AS BLYTHE-HOWARD COMPANIES.

(Filed 14 January, 1966.)

**1. Appeal and Error § 60—**

The decision on appeal overruling demurrer to the complaint and striking a defense set up in the answer as being inapposite, becomes the law of the case and is binding upon the second trial with regard to the sufficiency of the complaint and the impertinency of the defense.

**2. Pleadings § 29—**

Nonsuit on the ground that plaintiff had failed to establish that defend-

ants were engaged in a joint venture is properly denied when defendants' answer alleges facts compelling the conclusion of joint venture.

**3. Municipal Corporations § 10;   Negligence § 4— Nonsuit held properly denied in this action for damages resulting from dynamiting.**

Where plaintiff alleges and offers evidence tending to show damage to his property as a result of the use of explosives in constructing a sewer line by defendants, it having been established on former appeal that defendants could not rely upon the defense of governmental immunity, plaintiff makes out a *prima facie* case and nonsuit is correctly denied, notwithstanding the amended answer sets up the valid defense that defendants acted under a contract with the city and under the supervision and direction of the city engineer and were not charged with negligence in the manner in which they performed the work, the defendants having offered no evidence in support of this defense.

**4. Trial § 27—**

Nonsuit may not ordinarily be allowed upon an affirmative defense, and certainly not where defendant fails to introduce any evidence in support of such defense.

APPEAL by defendants from *McLean, J.,* June 14, 1965 Civil Session, GUILFORD Superior Court, High Point Division.

The plaintiff instituted this civil action on October 15, 1962, to recover from the defendants the damages to its house and lot in High Point as a result of the defendants' use of explosives while excavating for a sewer outfall line for the City of High Point. The pleadings were analyzed by this Court when the cause was here in 1963 on a writ to review a Superior Court order overruling the demurrer and striking the further defense. *Insurance Co. v. Blythe Bros. Company,* 260 N.C. 69, 131 S.E. 2d 900. Since the review, the companion case of Coggins and wife against the same defendants has been eliminated.

After the case went back to the Superior Court the defendants filed a new further defense based on a construction contract with the City of High Point:

"The contract provided for the construction of a sewage system in accordance with plans and specifications furnished by the City of High Point and the performance of the contract by the defendants was expressly conditioned upon the exercise of authority by an engineer who represented the City of High Point. The authority of the engineer was defined, in part, as follows:

" 'Engineer shall have general supervision and direction of work; has authority to stop work whenever such stoppage may be necessary to insure proper execution of Contract; shall determine points at which the Contractor begins work, and order

of prosecuting work; shall direct application of forces to any portion of work, in his judgment, required, and order the force increased or diminished, and decide questions arising in execution of work; shall decide all questions arising as to quality or acceptability of materials and equipment, work performed, manner of performance and rate of progress of work; shall make all explanations as to meaning and intent of plans and specifications where discrepancies occur or misunderstandings arise as to interpretation. His decision shall be conclusive and binding.' * * *

"The defendants aver that they undertook and performed their contract with the City of High Point without being negligent and in accordance with its terms and provisions. They were at all times acting under its direction and supervision in accordance with the right reserved to the City by the written contract. . . .

"The defendants plead their freedom from negligence, the performance of their contract in accordance with the terms and provisions thereof, and the exercise, for and on behalf of the City of High Point, of its governmental function and the immunity imposed upon the City and these defendants by law as a bar to the plaintiff's recovery or further proceeding herein. . . .

"That the plaintiff, defendants are informed and believe and therefore allege, has failed to make claim against the City of High Point for any damages resulting from the taking of its property by the non-negligent use of the explosives as alleged in the complaint. That, having failed to make a claim against the City of High Point, it has by its conduct waived any right it had or now has to recover any damages from the City of High Point or from the defendants upon the doctrine of responsibility to the plaintiff for the taking of property."

At the close of the plaintiff's evidence the defendants' motion for nonsuit was overruled. The refusal of the court to sustain the motion is the subject of Exceptions Nos. 689 and 690, Assignment of Error No. 9.

The court submitted the issues which the jury answered as indicated:

"1. Is the plaintiff the owner of the property, and subject of this action, described in the complaint?

Answer: Yes.

"2. Was the property of the plaintiff damaged by the blasting operations of the defendants, as alleged in the Complaint?

Answer: Yes.

"3. What amount, if any, is the plaintiff entitled to recover? Answer: $23,500.00."

From the judgment entered on the verdict, the defendants appealed.

*Schoch, Schoch & Schoch by Arch K. Schoch for plaintiff appellee.*

*Seymour, Rollins and Rollins, Sapp and Sapp by Armistead W. Sapp, Jr., for defendant appellants.*

HIGGINS, J. Our former opinion affirmed the judgment of the Superior Court which overruled the demurrer and struck the further defense. That decision is the law of the case to this extent: (1) The complaint states a cause of action in favor of the plaintiff against the defendants; (2) the further defense of governmental immunity from suit was not available to the defendants and was properly stricken. The complaint is still in its original form—not changed in any particular. It alleged in substance the defendants, as a joint venture, engaged in constructing for High Point a sewer outfall line in which they used explosives in such manner as caused detailed damages to the plaintiff's property. Nothing else is alleged involving the City of High Point.

Following our decision the defendants filed an amended answer in which they set up the new further defense quoted in part in the statement of facts. In short summary, the defendants alleged they entered into a contract to construct, and pursuant thereto constructed, for the City of High Point, a sewer outfall line in accordance with its plans and specifications; that the work so done was in accordance with the contract and under the supervision and direction of the city engineer. The defendants alleged the City—not the defendants—is liable for the damages claimed; that the defendants, acting under and according to a contract to do for the City the public work which it was authorized to have done could be liable only for such damages as were proximately caused by their negligence in the manner in which they did the work; and that such negligence is not alleged. As authority for their position the defendants cite *Tidewater Construction Corp. v. Manly,* 75 S.E. 2d 500 (Va.); *Yearsly v. W. A. Ross Construction Co.,* 309 U.S. 18. The authorities make a distinction between the act of performance and the manner of the performance. McQuillin, Municipal Corporations, 3rd Ed., Vol. 18, § 53-76(c) pp. 325, 326.

The complaint presented clear-cut issues of injury to plaintiff's

property and the extent of the damages thereto sustained as a result of the use of explosives in constructing the sewer line. The further defense presents the issues: (1) Did the defendants have a contract with the City of High Point to construct the outfall sewer line in accordance with its plans and specifications and under the direction of its engineer? (2) Did the defendants perform the contract according to its terms? (3) Were the defendants guilty of negligence in the manner in which they did the work?

The parties went to trial upon the issues raised by the pleadings. The plaintiff offered its evidence which was sufficient to go to the jury on the issues submitted. At the close of the plaintiff's evidence the defendants moved for nonsuit upon the ground the plaintiff had alleged and failed to prove a joint venture between the defendants or any joint agency between them. The defendants' joint answer and joint further defense contained the following averments: "At all times referred to in the complaint Blythe Brothers Company and Howard Construction Company were engaged in constructing a sewer line for and under the supervision and direction of the City of High Point. . . . In answer to allegations in Article VII . . . the defendants aver that during the month of May, 1961, they were engaged in excavating for construction of a sewer outfall line for the City of High Point . . . They aver that any explosives which were used by them near the properties of the plaintiff were used under the direction, supervision, and control of the City of High Point in the performance of its express agreement." In view of the foregoing allegations in the answer, the motion for nonsuit on the ground the plaintiff failed to prove joint venture or agency between the defendants was properly overruled.

The plaintiff had made out its case and was entitled to go to the jury. The defendants did not offer evidence. They failed to establish the defense that they acted under a contract with the City. They failed to introduce the contract which they alleged was in writing, or to introduce evidence of its terms. They offered nothing to relieve themselves from liability for the results of their blasting operations.

We have reviewed this record which contains 470 pages. We have examined the 727 exceptions noted and have carefully considered the 85-page brief which discusses them in detail. Any seriatim discussion of these exceptions would be out of the question because of their number. Defendants' counsel, during the argument, was requested to point out any exceptions or assignments upon which the defendants especially relied. He stated the defendants relied on them all. Although the defendants' attorney declined to emphasize one over another, we have discussed those which seemed to us to be

deserving of notice. We have been unable to find anything in the record which would justify sending the case back for another hearing.

No error.