**TRANSCON LINES CORPORATION, a corporation, et al., Appellees,**

v.

**CORNELL CONSTRUCTION COMPANY, INC., a corporation, Appellant.**

**No. 46733.**

Supreme Court of Oklahoma.

June 3, 1975.

Rehearing Denied July 16, 1975.

Foliart, Mills & Niemeyer, Oklahoma City, for appellees.

Watts, Looney, Nichols, Johnson & Hayes by Clyde J. Watts, Oklahoma City, for appellant.

LAVENDER, Justice:

Cornell Construction Company (Cornell) under a contract with the State of Oklahoma was paving U. S. 283 just south of Sayre, Oklahoma. U. S. 66 crossed that project. Cornell was to maintain a detour on U. S. 66 required by the project.

U. S. 66 was four-lane. Traffic traveling in the direction away from Sayre had two lanes, with a 12 ft. paved shoulder on the right. A center line divided the two lanes. At the Sayre end of the approach connecting U. S. 66 and the detour, there were barriers directing traffic traveling in the direction away from Sayre on to the detour.

The detour was, as we have said, two-lane and carried traffic from both directions. It had a double striped center line. That "double stripe" did not extend completely through the approach. It did not connect with the "66" center line. There was a gap. Before coming to the barriers, a traveler on "66" was warned of the de-

tour by a "Single Lane—1000 Ft." sign, a "Do Not Pass" sign, a "Detour—500 Ft." sign, and a "Road Construction—Next 4 Miles" sign.

An automobile-truck accident between appellee's truck and an automobile being driven by a Mrs. Krebs occurred September 14, 1970, on that approach. It was early in the morning and still dark. The road was wet. Mrs. Krebs (not a party to this action) was driving her automobile on U. S. 66 in the direction away from Sayre, and saw all of the signs warning of the detour. She reduced her speed and came to the barriers, keeping to the right of them as directed. Mrs. Krebs became confused. Other than the barriers, she had no line or other channel markings or devices for her to follow. She said she stopped her automobile before one of the last of the barriers. As she stopped, she saw lights bearing down on her from the opposite direction. It was too late for her to move her automobile. The Transcon truck was traveling the detour in the opposite direction. The truck was in its proper lane. The truck driver believed the Krebs automobile was moving and had crossed over to his lane. He sought to avoid the accident by swerving to his right. The tractor and first trailer missed. The second trailer struck the Krebs automobile. That automobile was in the truck's lane in the approach at its connection with the detour.

The actual number of barriers and the exact location of each one at the time of the accident is confused and difficult to determine. They were intended to direct traffic on to the detour. There were pos-

sibly four. The first barrier indicated a sharp left turn for U. S. 283 South and by an arrow indicated to "Keep Right for U. S. 66 West." It was positioned before a traveler reached the approach to the detour. The other barriers had an arrow so as to indicate to "Keep Right." They were on U. S. 66 and spaced in the approach to the detour. There could have been one approximately in the center of the left lane or just to the left of the center line. Another barrier could have been approximately on the center line or just to the right of that line. A last barrier could have been approximately in the center of the right lane at about where the approach ended and the actual detour began.

Appellee plaintiffs, Transcon Lines Corporation, Max Hudkins, and Henry Blair (here collectively called "Transcon") brought this action for property damage to the truck and for personal injuries to the driver and his helper-passenger against the defendant appellant, Cornell. At trial the jury rendered a verdict for Transcon. Defendant Cornell appeals.

Cornell argues (1) any duty owed to the traveling public in maintaining and marking the detour is fulfilled by compliance with its contract with the state, thereby satisfying any duty of ordinary care under the circumstances; (2) no evidence of its negligence as to marking the detour for this was done either by the state or at the state's direction; and (3) it is entitled to shared sovereign immunity of the state as a public and the state's contractor.

Cornell argues error in given instructions 5 and 6[1] and its requested but

---

I. Given Instructions 5 and 6 read:
"INSTRUCTION NO. 5:
     *     *     *     *     *
It was the duty of the Defendant Cornell Construction Company to use ordinary care to maintain the detour in a reasonably safe condition to protect the traveling public from damage, and in this regard it was the duty of the Defendant, in the course of their work of construction, to exercise ordinary care under the circumstances to protect and warn the traveling public of any hazard by appropriate signs or warnings."

"INSTRUCTION NO. 6:
The standard of care required of a contractor in a case such as this is ordinary care under the circumstances. The Court has permitted in evidence the contract between the Defendant, Cornell Construction Company, and the Oklahoma Department of Highways, Plaintiffs' Exhibit 38; the Standard Specifications of the Oklahoma Highway Department, Plaintiffs' Exhibit 37; and the Manual on Uniform Traffic Control Devices for Streets and Highways, Plaintiffs' Exhibit 36; but those provisions thereof

refused instructions 4 and 5.[2] Both the given and refused instructions deal with Cornell's duty and its measure. Improper instruction of the jury is encompassed in argument (1) noted above.

■ The liability of a highway contractor for injury to persons lawfully using the highway does not depend on contract, but arises out of a legal duty devolving upon him not to make the highway dangerous for ordinary use under the circumstances. *Toler v. Hawkins*, 188 Okl. 58, 105 P.2d 1041 (1940); *Briscoe v. Worley*, 208 Okl. 60, 253 P.2d 145 (1952).

This same rule was adopted in *Smith v. Wilson*, Okl., 325 P.2d 421 (1958). There suit was brought by automobile passenger against the state's highway contractor for injuries sustained when automobile rolled down an earth fill. Contract called for contractor to erect approved barricades. The case was reversed on the issue of control of the area by the contractor at the time of the accident. As to the contractor's liability, this court said:

" * * * This action was brought to recover damages resulting from the accidental injury upon the theory defendant had neglected and failed to discharge the common law duty to protect plaintiff, as a member of the traveling public, from dangerous conditions which existed. The basis of the rule, which fastens liability upon a highway contractor for injury to persons lawfully using the highway, is that the duty to protect the traveling public from danger does not arise from contract but out of the legal duty not to permit the highway to become dangerous for ordinary purposes. The which pertain to the protection of the traveling public do not establish the legal duty or degree of care required by the contractor, nor do they diminish or increase such legal duty of the contractor to the traveling public. However, it is proper for you to look to and consider these provisions along with all other evidence in the case in arriving at your decision in determining what a reasonable careful contractor would have done under like or similar circumstances and whether said Defendant breached a legal duty it owed the Plaintiffs herein as members of the traveling public."

2. Requested but refused Instructions 4 and 5 read:

"No. 4

You are instructed that the plaintiffs alleged that the defendant, Cornell Construction Company, was guilty of negligence in failing to install signs, barricades, warnings and other traffic control devices in a reasonable and proper manner; and in this connection, you are instructed that the burden is upon the plaintiffs to prove that such signs, barricades and other traffic control devices were installed by the defendant in a manner different from the plans, specifications and directions of the Oklahoma Department of Highways; and if you should find from the evidence in this case that the signs, barricades, warnings and other traffic control devices were installed by said defendant, Cornell Construction Company, in accordance with the plans, specifications and directions of the Oklahoma Department of Highways, you must return a verdict herein for the defendant, Cornell Construction Company."

"No. 5

You are instructed that the sole responsibility for designing and planning of the traffic control plans, the signs, warnings and barricades, was upon the State of Oklahoma, which is not subject to suit; and that said defendant, Cornell Construction Company, cannot be held liable to the plaintiffs for errors in designing and locating said signs, barricades and warning devices, if any.

You are instructed, therefore, that, in arriving at a verdict herein, the defendant Cornell Construction Company, cannot be held responsible for errors, if any, in the design and location of signs, barricades and warnings, or other traffic control devices upon the detour located upon Highway 66, approximately 1.3 miles south of Sayre, Oklahoma, at the location involved in this case, and, unless you should find, from a preponderance of the evidence in this case, that the accident involved herein, and the injury and damage sustained by the plaintiffs were proximately caused by the negligence of the defendant, Cornell Construction Company, in installing and maintaining the said signs, barricades, warnings and other traffic control devices, contrary to the design and direction of the Oklahoma Department of Highways, you must return a verdict for the defendant Cornell Construction Company."

rule is generally recognized and applied. See generally 27 Am.Jur., Indpt. Contractors, Sec. 52; 40 C.J.S. Highways § 262; 65 C.J.S. Negligence § 95. One of the latest applications of the rule of liability for injury to third persons may be observed in *Briscoe v. Worley*, 208 Okl. 60, 253 P.2d 145."

Cornell's duty to Transcon is not measured by its contract with the state but by its legal duty not to permit the highway to become dangerous for ordinary use under the circumstances. The court's instructions 5 and 6 were correct. The court's refusal to give Cornell's requested instructions 4 and 5 was not reversible error.

Under Cornell's legal duty of ordinary care, the trial court properly overruled the demurrer to Transcon's evidence and properly allowed the issue of breach of that duty by Cornell to go to the jury.

■ Cornell had control of the area where the accident occurred. It was responsible for construction and maintenance of the approach and detour. Because Cornell placed the barricades as directed by the state or because the detour center stripe was laid down by the state did not relieve Cornell of its duty to the traveling public. It was an independent contractor.

■ By contract, Cornell had a duty to the state to mark the approach and detour as provided by the specifications. By law, Cornell had a duty to the traveling public to mark the approach and detour so as not be dangerous for ordinary use under the circumstances. Whether Cornell had breached his duty to Transcon was a proper jury question under the evidence. The jury determined Cornell had breached that duty.

In *Briscoe, supra,* this court said:

" * * * The trial court properly overruled defendants' demurrer to plaintiff's evidence as plaintiff's evidence estab-lished primary negligence of the defendant.

In the case of *Standard Theaters Corp. v. Hughes*, 185 Okl. 377, 91 P.2d 1058, we said:

'The decisions from this court upon this point are consistent in holding the question of negligence or lack of negligence is for the jury to decide, and it is only when the facts are such that reasonable men could draw only one conclusion that the trial court is justified in taking the case from the jury.'

The same rule was applied in *Mid-Continent Pipe Line Co. v. Price*, 203 Okl. 626, 225 P.2d 176 and *Casualty Reciprocal Exchange v. Sutfin*, 196 Okl. 567, 166 P.2d 434."

■ Cornell seeks to share the sovereign immunity of the state as a public contractor and as the state's agent. It cites *Southeast Construction Co. v. Ellis*, 233 Ark. 72, 342 S.W.2d 485 (1961); *Valley Forge Gardens, Inc. v. Morrissey, Inc.*, 385 Pa. 477, 123 A.2d 888 (1956); and *Tidewater Construction Corp. v. Manly*, 194 Va. 836, 75 S.E.2d 500 (1953). In each, an essential element is a lack of negligence upon the part of the public contractor. An absence of negligence by the public contractor distinguishes these foreign authorities from the case at bar. Shared sovereign immunity of the state is not available to Cornell. There was not a lack of negligence upon the part of Cornell as a public contractor.

Cornell had a duty to Transcon other than by the state's contract. That duty was not to permit the detour and its approach to become dangerous for ordinary use under the circumstance by Transcon. There was evidence of its dangerous condition caused by confused markings. The jury was properly instructed as to Cornell's duty. The jury found Cornell was negli-

gent in that it had breached that duty to Transcon as a member of a lawfully traveling public. · We find no error in the trial court.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, BERRY,. BARNES and SIMS, JJ., concur.

IRWIN, J., concurs in result.