## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth Park
Suites Hotel

v.

Armada/Hoffler
Construction Co. et al.

September 19, 1994

Case No. LW-2949

BY JUDGE RANDALL G. JOHNSON

Commonwealth Park Suites Hotel seeks to recover damages for financial losses it claims it suffered when a chemical being used in the cleanup of asbestos in an adjacent building allegedly created noxious fumes which permeated the hotel's guest rooms, lobby, restaurant, and lounge, thereby forcing plaintiff to shut down a substantial portion of its operations during a weekend in May, 1993. As originally pleaded, the motion for judgment was in two counts. Count I alleged negligence in the design and monitoring of the asbestos removal effort and in the removal of the asbestos itself. Count II sought recovery under a theory of strict liability. Named as defendants were seven firms which were in some way connected with the asbestos removal project.

Several of the defendants filed demurrers and special pleas, all of which were based on two primary grounds. First, with regard to Count I, defendants cited *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988), and similar cases, to argue that absent privity of contract, plaintiff could not recover purely economic losses for defendants' negligence. Second, with regard to Count II, defendants argued that asbestos removal was not an inherently dangerous activity, and no cause of action under that theory could be maintained. The parties briefed the issues, and oral argument was set for February 16, 1994.

On the day of oral argument, while counsel for one of the defendants was making his presentation, counsel for plaintiff stood and announced that plaintiff conceded that no cause of action could be maintained for negligence and that the court had no choice but to sustain defendants' demurrers to that count. No concession was made as to plaintiff's theory of strict liability. Based on plaintiff's concession, the court sustained the demurrers as to Count I, but granted plaintiff leave to file an amended motion for judgment in fifteen days. The court also sustained the demurrers to Count II, but without leave to amend.

. On March 3, 1994, plaintiff filed an amended motion for judgment against four of the original defendants. While the factual allegations in the amended motion for judgment were identical to those contained in the initial pleading, plaintiff now sought to state a cause of action for nuisance rather than for negligence. Defendants again demurred, this time relying not only on the economic loss rule of *Sensenbrenner, supra*, but also on *Philip Morris v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1988), for the proposition that where negligence and nuisance claims arise out of the same conduct, the nuisance claim can rise no higher than the claim for negligence; and on *Green & Company v. Thomas*, 205 Va. 903, 140 S.E.2d 635 (1965), and *Tidewater Constr. Corp. v. Manly*, 194 Va. 836, 75 S.E.2d 500 (1953), for the proposition that a private contractor performing work for a public body, which was the case here, cannot be held liable to owners of private property in the absence of proof of negligence. Because the court agreed that the latter two cases required plaintiff to allege and prove negligence, and because plaintiff's amended motion for judgment did not allege negligence, defendants' demurrers were again sustained. Plaintiff, however, was again granted leave to amend.

Plaintiff has now filed a second amended motion for judgment against the same four defendants that were named in the first amended motion for judgment. Other than that change, and deleting its claim for strict liability, the second amended motion for judgment is identical to the original motion for judgment. In other words, plaintiff has now resurrected its claim of negligence, the claim which it conceded at the February 16 hearing could not go forward, against four of the original seven defendants. Needless to say, the remaining defendants, or at least three of them, again demur.

The threshold question, of course, is whether plaintiff's counsel's concession made on February 16 is binding on plaintiff. If it is, plaintiff is now precluded from alleging negligence, and the demurrers must be sustained. The court, however, finds that the concession is not binding.

At the hearing on the latest demurrers, counsel were unable to cite any case dealing with the precise issue now presented. The court is also unable to locate one. Obviously, if a final order had been entered, plaintiff's concession *would* be binding, the court's ruling based on the concession having become the law of the case. *See City of Richmond v. Blaylock*, 247 Va. 250, 252, 440 S.E.2d 598 (1994) (A party may not withdraw an erroneous stipulation when that stipulation was part of the basis for the court's final decision). Even where a final decision has not been entered, the court can still envision circumstances in which a party might be bound by a concession or stipulation. For example, if a concession or stipulation by one party causes another party not to subpoena a witness for trial or to otherwise alter its trial strategy, a court may well preclude the conceding party from withdrawing the concession or stipulation at trial. The same might apply to stipulations or concessions which, having altered an opposing party's discovery efforts, a party seeks to withdraw after the discovery cut-off. In such a situation, a withdrawal of the concession or stipulation would prejudice the other side and is probably inappropriate. That is not the case here.

In the case at bar, plaintiff's concession was made very early in the case. No trial date has been set, and no final decisions have been made with regard to witnesses or discovery. Indeed, since the effect of this particular concession was to prevent plaintiff from proceeding at all until amended pleadings were filed, the only prejudice which any defendant can claim is loss of time. While the court certainly dislikes unnecessary delays of any kind, I simply cannot say that the delay caused by plaintiff's concession here — that is, from February 16 until now — is so prejudicial to defendants that plaintiff should be bound by the concession. Accordingly, the concession made by plaintiff's counsel at the February 16 hearing is now considered to be withdrawn, and the court will consider the demurrers themselves.

Defendants' present demurrers are based on two grounds. First, defendants argue that under *Sensenbrenner*, *supra*, and similar cases, plaintiff cannot recover under a theory of negligence because the damages that plaintiff seeks are for purely economic losses. Second, defendants contend that *Philip Morris v. Emerson*, *supra*, precludes recovery for the type of alleged injury claimed by plaintiff. The court rejects both arguments.

With respect to *Sensenbrenner*, that case does not stand for the proposition that purely economic losses can never be recovered under a negligence theory. Rather, *Sensenbrenner* holds that such losses cannot be

recovered in an action for negligence where there is no privity of contract *and* where there is no injury to persons or property. And while defendants are correct that there is no privity of contract here, their reading of *Sensenbrenner* with respect to the phrase "injury to persons or property" is flawed.

In this regard, it is rather tempting to say that the air on and about one's premises is property and that contamination of that air is damage, so that contamination of the air on and about one's premises is property damage. This would neatly address the precise argument raised by defendants and avoid the necessity of addressing the holdings of *Sensenbrenner* and the other *Sensenbrenner*-type cases. Indeed, while a person has "no natural right to either light, air, or prospect . . . yet with respect to such *air* as he does get, he is by *natural right*, entitled to have it *reasonably pure*, and free from *pollution* by the use made of the adjacent land, as by the smoke, odors, dust or vapors of railroad trains, factories, etc." Minor on Real Property, § 123, pp. 165-66 (2d ed. 1928) (emphasis in original). This principle would, in my opinion, provide fairly strong support for the proposition that what plaintiff alleges here *is* property damage, so *Sensenbrenner* would not apply. That is not, however, the basis for my ruling. Instead, my ruling is based on my belief that *Sensenbrenner* and the other *Sensenbrenner*-type cases, while appropriately fashioning a rule to address the normal dichotomy between cases involving injury to persons or property on the one hand, and those which do not involve such injury on the other, simply do not apply to cases such as this one where toxic contamination of a landowner's air is alleged. This is clear, I believe, from a review of the cases themselves.

In *Blake Construction Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987), plaintiff, a construction company, entered into a contract with the Commonwealth of Virginia for the construction of an office building in Richmond. By a separate contract, the Commonwealth employed an architectural firm to be the supervising architects and engineers for the project. There was no contract between the plaintiff and the architects. Alleging that the architects were required to perform numerous duties with respect to the project, including the duty to provide plans and specifications, the duty to properly inspect and supervise the selection of materials, the duty to certify to the Commonwealth the satisfactory progress of the construction, and sundry other duties, and alleging further that the architects had performed those duties negligently, the plaintiff sued the architects for more than 3.8 million dollars. When the architects demurred, the

plaintiff conceded that there was no privity of contract between plaintiff and the architects, but argued that the privity requirement had been abrogated by Va. Code § 8.01-223, which reads, in pertinent part:

> [W]here recovery of damages for injury to person, including death, or to property resulting from negligence is sought, lack of privity between the parties shall be no defense.

In rejecting the plaintiff's argument, the Supreme Court first noted that § 8.01-223 is in derogation of the common law requirement of privity and must therefore be strictly construed. 233 Va. at 34. The Court then quoted the following language from the Missouri case of *Crowder v. Vandendeale*, 564 S.W.2d 879, 882 (1978):

> A duty to use ordinary care and skill is not imposed in the abstract. It results from a conclusion that an interest entitled to protection will be damaged if such care is not exercised. Traditionally, interests which have been deemed entitled to protection in negligence have been related to *safety* or freedom from physical harm. Thus, where personal injury is threatened, a duty in negligence has been readily found. Property interests also have generally been found to merit protection from physical harm. However, where mere deterioration or loss of bargain is claimed, the concern is with a failure to meet some standard of *quality*. This standard of quality must be defined by reference to that which the parties have agreed upon.

233 Va. at 34-35 (emphasis in original).

Adopting the above principle as the law of the Commonwealth, and because the alleged negligence of the architects did not involve a question of safety or freedom from physical harm, the Court ruled that the plaintiff's cause of action for negligence could not be maintained.

The following year, the Court decided *Sensenbrenner*. In *Sensenbrenner*, the plaintiffs entered into a contract with a contractor to build a house. The house was to include an enclosed swimming pool. An architectural firm was to design the house, including the pool and its enclosure. Plaintiffs, however, contracted only with the contractor, not with the architects. After the architects had furnished the requisite plans, the contractor subcontracted the construction of the pool to another company, and the house and pool were built. It was plaintiffs' contention that due to negligent design and supervision by the architects, and negligent construction work

by the pool contractor, the pool, which was built on fill rather than on natural soils, settled, causing water pipes to break and other specified damage. The Supreme Court, citing *Blake*, held that such damages could not be recovered. Specifically, the Court said:

> The controlling policy consideration underlying tort law is the safety of persons and property — the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand and economic losses on the other . . . .
>
> Recovery in tort is available only when there is a breach of a duty "to take care for the *safety* of the person or property of another." *Blake*, 233 Va. 34, 353 S.E.2d at 726 (citations omitted) (emphasis added). The architect and the pool contractor assumed no such duty to the plaintiffs by contract, and the plaintiffs' complaint alleges no facts showing a breach of any such duty imposed by law.

236 Va. at 425 (emphasis in original).

As was the case in *Blake*, plaintiffs' negligence action could not survive.

Next, the Court decided *Rotonda Condominium Owners v. Rotonda Associates*, 238 Va. 85, 380 S.E.2d 876 (1989). In that case, the plaintiff, an association of condominium owners, sued several companies, collectively referred to as "the Developer," alleging breach of statutory warranties, negligent construction, and negligent repairs. After rejecting the plaintiff's warranty claims, the Court cited *Sensenbrenner* to hold:

> It is apparent from the motion for judgment and the Association's argument concerning [negligent repairs], that the Association sought only to recover damages for the economic losses associated with the cost of repairing the defects in the common elements. Such economic losses are not recoverable in tort; they are purely the result of disappointed economic expectations. The law of contracts provides the sole redress for such claims.

238 Va. at 90.

Similarly, in *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989), a case involving a claim of legal malpractice, the Court reiterated:

> This is not a case involving personal injury or property damage, areas in which the common-law privity rules have been modified by statute. *See, e.g.,* Code §§ 8.01-223 and 8.2-318. Instead, this is a case involving a claim solely for economic losses. It is settled in the Commonwealth that no cause of action exists in such cases absent privity of contract.

238 Va. at 366 (citations omitted).

(Va. Code § 8.2-318 removes the common-law requirement of privity in certain types of cases governed by the Uniform Commercial Code, and is not relevant to the issue under consideration here. Section 8.01-223 is quoted *supra.*)

The last of the *Sensenbrenner*-type cases was decided in 1993. In *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628, the sole stockholder of a corporation — not the corporation itself — sued an accounting firm which had been hired by the corporation — not the stockholder — to perform an audit of the corporation's financial posture for the year ending December 31, 1986. In rejecting plaintiff's negligence claims, the Court reviewed its holdings in *Blake, Sensenbrenner, Rotonda,* and *Copenhaver,* and again held that where the only loss claimed is a certain "bargained-for level of quality," and not damage to persons or property, no action in negligence exists unless there is privity of contract. *See* 246 Va. at 328. Plaintiff's negligence claims were dismissed.

What is noteworthy in the above cases, at least as far as the present case is concerned, is not what defendants contend is the all-encompassing rule which those cases proclaim; that is, that where no injury to persons or property occurs, no action for negligence can be maintained. What is important is the rationale upon which that seemingly universal rule was fashioned. Specifically, the premise found in the Missouri case of *Crowder v. Vandendeale, supra,* quoted in *Blake,* that it is the *"safety* or freedom from physical harm" that the law of torts is designed to address, and that "where physical injury is *threatened,* a duty in negligence has been readily found." 233 Va. at 34-35 (second emphasis added). When considered in that light, it is clear that the rule of *Sensenbrenner* and the other *Sensenbrenner*-type cases is not as universal as defendants suggest. It is equally clear that by distinguishing the situations in those cases from situations where the safety of persons or property *is* involved, or where physical harm *is* threatened, the Supreme Court must have intended that where such allegations are made, a cause of action does exist.

In the case at bar, unlike any of the *Sensenbrenner*-type cases, plaintiff specifically and definitely alleges acts on the part of defendants which threatened personal safety and which infringed upon plaintiff's right to be free of physical harm. Those acts, causing or allowing noxious fumes to permeate plaintiff's premises, are alleged to be a breach of defendants' duty "to take care for the safety of the person or property of another" (*Blake,* 233 Va. at 34), thereby involving more than purely economic interests. Indeed, they involve the actual safety of people and property, precisely the thing which the *Sensenbrenner*-type cases repeatedly say the law of torts is designed to address. Accordingly, those cases do not preclude plaintiff's negligence claims here.

The court's holding in this regard finds substantial support from other jurisdictions, particularly in cases involving asbestos contamination. (The case at bar does not involve asbestos contamination, but contamination by a chemical being used to remove asbestos. The rationale of those cases, however, is just as appropriate.) For example, in *City of Greenville v. W. R. Grace & Co.*, 827 F.2d 975 (4th Cir. 1987), the court, applying South Carolina's economic loss rule which is identical to the rule of the *Sensenbrenner*-type cases in Virginia, held that an action for negligence does exist for contamination due to asbestos:

> Neither the [United States] Supreme Court's decision in *East River* nor our decision in *Watermark* convinces us that the South Carolina courts would preclude Greenville from asserting a cause of action for negligence under the facts of this case. Indeed, we believe that those decisions are largely inapposite to the situation presented here. In both *East River* and *Watermark*, the defective products injured only themselves. There was no claim of any injury or *threat of injury* to persons or to other property. By contrast, the injury that resulted from the installation of Monokote in this case is the contamination of the Greenville City Hall with asbestos fibers, which *endanger the lives and health* of the building's occupants. In our opinion, this is not the type of risk that is normally allocated between the parties to a contract by agreement, unlike the risk of malfunctioning turbines at issue in *East River* or the risk of faulty roofing shingles involved in *Watermark*.

827 F.2d at 977-78 (emphasis added). The cases referred to in the above quote are *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476

U.S. 858, 106 S. Ct. 2295, 90 L. Ed. 2d 865 (1986); and *2000 Watermark Association v. Celotex Corp.*, 784 F.2d 1183 (4th Cir. 1986), both of which upheld the *Sensenbrenner*-type economic loss rule.

Other cases reaching the same result are *Board of Education of Chicago v. A, C and S, Inc.*, 546 N.E.2d 580 (Ill. 1989); *City of Manchester v. National Gypsum Co.*, 637 F. Supp. 646 (D. R.I. 1986); *Town of Hooksett School District v. W. R. Grace & Co.*, 617 F. Supp. 126 (D. N.H. 1984); *Shooshanian v. Wagner*, 672 P.2d 455 (Alaska 1983). I believe that the holdings of those cases are correct.

Finally, the case of *Philip Morris v. Emerson*, 235 Va. 380, 368 S.E.2d 268 (1988), also does not preclude plaintiff's cause of action for negligence. In *Philip Morris*, a case which involved multiple claims against multiple parties, a company called Americamps claimed damage for having to evacuate its campsite because of potential danger from the negligent release into the atmosphere by defendants of a highly toxic chemical called pentaborane. The Court rejected the claim. In doing so, the Court first noted that "[t]here was no evidence that any of the pentaborane gas actually invaded the campground." 235 Va. at 406. The Court then said:

> Americamps concedes that there was no physical entry or damage to the campground and that, under ordinary circumstances, such losses are not recoverable. Describing the negligent release of pentaborane as creating "problems of uniqueness and magnitude" and an "unnecessary, extraordinary and inherently dangerous" hazard, Americamps urges us to create an exception to the rule expressed in Restatement (Second) of Torts § 766 (1977) that "[o]ne is not liable to another for pecuniary harm not derived from physical harm to the other, if that harm results from the actor's negligently . . . interfering with the other's performance of his contract . . . ."

*Id.*

Defendants argue that the above language means that air contamination cases, such as the one at bar, can never be maintained in Virginia unless actual injury to persons or property occurs. Again, I disagree.

In addition to the reasons already stated with regard to the *Sensenbrenner*-type cases, acceptance of defendants' *Philip Morris* argument would require this court to ignore the Supreme Court's observation, made twice before its holding, that there was no evidence or allegation that the pentaborane actually invaded Americamps' property. Indeed, it

was only *after* those observations that the Court held that "under ordinary circumstances, such losses are not recoverable." *Id.* It is my opinion that had the Supreme Court intended to hold that losses such as those claimed by Americamps in *Philip Morris* are *always* not recoverable — that is, that such losses are not recoverable whether or not there are allegations or evidence of an actual invasion of a toxic substance onto one's property — the Court would not have bothered to make the very specific observation — again, made twice — about such allegation not being made and such evidence not being presented.

By contrast, the plaintiff in the case at bar specifically alleges that noxious fumes did permeate its property. Because of this allegation, and because of my analysis of the *Sensenbrenner*-type cases, I hold that plaintiff has stated a cause of action for negligence. Defendants' demurrers will be overruled.